The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District 801 Locust Street Conway, AR 72032
Dear Mr. Foster:
This is in response to your request, submitted by Deputy Prosecuting Attorney Stephen E. James, for an opinion on four questions, the first two of which are closely related and are paraphrased below:
 1. May a member of a county quorum court who is employed by North Central Arkansas Landfill Authority, Inc. ("NCALA"), continue to receive a salary from NCALA without violating A.C.A. § 14-14-1205(c) in the event the quorum court appropriates funds to NCALA's operating budget?
 2. May the quorum court member and his spouse, who is also an employee of NCALA, continue to receive salaries from NCALA without violating A.C.A. § 14-14-1202 in the event the quorum court appropriates funds to NCALA's operating budget?
I understand and assume that NCALA is a sanitation authority organized under the Joint County and Municipal Solid Waste Disposal Act, A.C.A. §§14-233-101 et seq. (1987 and Cum. Supp. 1993). I assume the county whose quorum court is at issue is Van Buren County and that Van Buren County is a member of NCALA.
Arkansas Code Annotated § 14-14-1205(c) (Cum. Supp. 1993) prohibits a member of a quorum court from receiving compensation as a "county employee," which term is defined in A.C.A. § 14-14-1206(b) as "any individual or firm providing labor or services to a county for salary, wages, or any other form of compensation." As guidance in determining whether a person is providing labor or services to a "county," the statute defines "county government" to mean "all offices, departments, boards, and subordinate service districts of county government. . . ." A.C.A. § 14-14-1206(b). Under A.C.A. § 14-233-104(a)(1) (Cum. Supp. 1993), a county can create a sanitation authority only by cooperation with at least one other county or municipality. NCALA therefore obviously is not an office, department, or board of Van Buren County. Although a joint subordinate service district may be created by two or more counties by way of interlocal agreement, A.C.A. § 14-14-708(b), sanitation authorities are created by ordinance of each member, A.C.A. §14-233-105(a), and not pursuant to the Interlocal Cooperation Act, A.C.A. §§ 25-20-101 et seq. (Repl. 1992). In addition, A.C.A. §14-233-103(a) provides that the Joint County and Municipal Solid Waste Disposal Act "shall be deemed to provide an additional and alternative method for the doing of the things authorized by [the Act] and shall be regarded as supplemental and additional to powers conferred by other laws." It seems therefore reasonable to conclude that a sanitation authority is created solely under the authority of the Joint County and Municipal Solid Waste Disposal Act, rather than under the Interlocal Cooperation Act. Finally, a subordinate service district "is not a corporate body separate and distinct from county government," Op. Att'y Gen. 87-332; a sanitation authority, on the other hand, has "perpetual succession as a body politic and corporate. . . ." A.C.A. §14-233-107(1). I accordingly conclude that NCALA is not a subordinate service district of Van Buren County and therefore that the quorum court member is not a county employee by virtue of his employment by NCALA.[1]
Arkansas Code Annotated § 14-14-1205(c) also provides, however, that a justice of the peace shall not receive "compensation or expenses from funds appropriated by the quorum court for any services performed within the county. . . ." This provision contains no requirement that the services be performed for the county, but rather focuses on the place of performance of the service and the source of funds used to provide compensation or expense reimbursement.
While there appear to be no reported decisions interpreting the language of A.C.A. § 14-14-1205(c) quoted above, it has been held that legislative intent is determined from the ordinary meaning of the language used where the language of the statute is plain and unambiguous. Mountain HomeSchool Dist. No. 9 v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74
(1993).
It is therefore my opinion that the answer to your first question is "no," a quorum court member may not continue to receive a salary from his employer to which the quorum court appropriates money. In reaching this conclusion, I have assumed that the individual's salary from NCALA is attributable at least in part to services performed within Van Buren County and that it is payable at least in part from the operating budget of NCALA.
In my view, your second question is moot with respect to the individual who is a member of the quorum court because of my opinion that his receipt of a salary from NCALA while serving on the quorum court would be violative of a specific prohibition contained in A.C.A. § 14-14-1205(c). With respect to the member's spouse, it is my opinion that her receipt of a salary from NCALA generally would not cause the quorum court member to be in violation of A.C.A. § 14-14-1202(a) (Cum. Supp. 1993) or any other provision of A.C.A. § 14-14-1202. The member's mere service on the quorum court and participation in voting on an appropriation to the budget of NCALA generally would not, without more, fall within the actions prohibited by A.C.A. § 14-14-1202(a). This would be particularly true to the extent the appropriation constitutes only a small part of NCALA's budget, and NCALA's budget only incidentally contains provision for the spouse's salary. Prudence would dictate, however, that the member should refrain from participating in discussions or decisions that are more narrowly focused on the personal economic interests of his spouse. See
Op. Att'y Gen. 93-388, 88-357 and 87-462.
Your two remaining questions are closely related to each other and are paraphrased as follows:
 3. May an individual whose spouse is employed by a county on a part-time basis serve as a member of the county's quorum court and vote on the budget of the county office that employs his spouse without violating A.C.A. § 14-14-1202?
 4. May an individual whose spouse is employed by a county on a part-time basis serve as a member of the county's quorum court without violating A.C.A. § 14-14-1202, provided he abstains from voting on the budget of the county office that employs his spouse?
It is likewise my opinion that the answer to your third and fourth questions is, generally, "yes." The member's mere service on the quorum court and participation in voting on the budget of the county office employing his spouse generally would not, without more, fall within the actions prohibited by A.C.A. § 14-14-1202(a) or any other provision of A.C.A. § 14-14-1202. This would be particularly true if the budget only incidentally contains provision for the spouse's pay for part-time work. Prudence would dictate, however, that the member should refrain from participating in discussions or decisions that are more narrowly focused on the personal economic interests of his spouse. See Op. Att'y Gen.93-388, 88-357 and 87-462.
Conclusive determinations of your second, third and fourth questions would, however, require reviews of the particular circumstances in order to establish whether either quorum court member "[used] his office, the influence created by his official position, or information gained by virtue of his position to advance [the] individual personal economic interest . . . of an immediate member of his family. . . ." A.C.A. §14-14-1202(a).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] You have not indicated whether the quorum court member who is a NCALA employee also is an officer or director of NCALA, and I assume that he is not. If he is an officer or director of NCALA, it is possible that the law concerning dual office holdings could apply to this fact pattern. See Op. Att'y Gen. 94-220 for an explanation of the law in this area.